UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMMEX CORPORATION,

                Movant,

     v.

NY HEALTHLIFE, LLC,

                Respondent.

No. 24-MC-84 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On February 22, 2024, AMMEX Corporation ("AMMEX") moved to compel NY Healthlife, LLC ("Healthlife"), to comply with a properly issued subpoena. (*See* Dkt. Nos. 1, 4, 5). On February 27, 2024, the Magistrate Judge McCarthy ordered Healthlife to respond to the motion by March 12, 2024. (*See* Dkt. No. 7). Healthlife failed to respond. On March 18, 2024, the Judge McCarthy provided Healthlife with a final opportunity to comply with her Order. (*See* Dkt. No. 13). Healthlife again failed to respond. On April 12, 2024, Judge McCarthy issued an Order to Show Cause, directing Healthlife to appear on May 6, 2024, to "(1) explain its failure to abide by [her] Orders; and (2) show cause why [she] should not [] grant AMMEX's Motion to Compel compliance with the subpoena . . . ." (*See* Dkt. No. 16). AMMEX properly served this Order, as well as all other Court orders, on Healthlife. (*See* Dkt. Nos. 9, 10, 14, 15, 17, 18). Healthlife failed to appear at the hearing, and has failed to contact the Court. On May 16, 2024, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that this Court hold Healthlife in contempt for failing to respond to AMMEX's subpoena, and sanction them for such contempt. (*See* Dkt. No. 22.) AMMEX properly served the R&R on Healthlife. (*See* Dkt.

No. 23.) Healthlife has not filed any objections to the R&R.[1] In addition, on June 20, 2024, AMMEX filed a letter detailing their specific request for sanctions. (*See* AMMEX Letter (Dkt. No. 27).)

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Torres v. Golden Home Furniture Inc.*, No. 20-CV-4789, 2023 WL 3791807, at *1 (S.D.N.Y. June 2, 2023) (citing *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010)); *see also ExxonMobil Oil Corp. v. TIG Ins. Co.*, No. 16-CV-9527, 2022 WL 17070111, at *1 (S.D.N.Y. Nov. 17, 2022) (same). The Court has reviewed the R&R, and finding no substantive error, clear or otherwise, the Court adopts the R&R in its entirety.

With respect to sanctions, AMMEX requests that the Court "sanction Healthlife in the amount of AMMEX's attorney[s'] fees (both local counsel and national counsel) and costs incurred to date for compelling Healthlife's compliance." (AMMEX Letter at 1.) Additionally, AMMEX "requests the Court [to] enter a monetary sanction of $100 per day to be paid to AMMEX, to be increased by increments of an additional $50 per day for every two weeks that Healthlife remains in non-compliance." (*Id.* at 2.) "Finally, to collect any fees or monetary sanctions, AMMEX . . . requests that the Court order that the Amazon seller account identified with Healthlife be frozen so that AMMEX has a mechanism to collect upon the sanctions." (*Id.*) The Court agrees that sanctions are both necessary and appropriate given the Healthlife's behavior.

---

[1] Judge McCarthy provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, objections to the R&R were due within fourteen days from the receipt of the R&R, or seventeen days from the receipt of the same if the R&R was served upon the Parties by mail, and that the failure to object would constitute a waiver of Petitioner's right to appeal. (*See* R&R 37.)

"The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). "Such sanctions may not be imposed as a purely punitive measure." *Id.*; *see also Gucci Am., Inc. v. Li*, No. 10-CV-4974, 2015 WL 7758872, at *2 (S.D.N.Y. Nov. 30, 2015) ("It is basic law that a civil contempt sanction must only be compensatory or coercive, and may not be punitive.").

With respect to the request for attorneys' fees, this Court has routinely awarded them as sanctions for a party's non-compliance with the Court's orders. *See Herbalist & Alchemist, Inc. v. Alurent Prods., Inc.*, No. 16-CV-9204, 2018 WL 3329857 (S.D.N.Y. Jul. 5, 2018) (holding defendants in civil contempt and awarding plaintiff reasonable attorneys' fees and costs as a result of defendants' non-compliance); *see also Casale v. Kelly*, 710 F. Supp. 2d 347, 367 (S.D.N.Y. 2010) ("A court may award appropriate attorney[s'] fees and costs to a victim of contempt."). Here, the Court adopts the R&R's uncontested and thoroughly supported finding that Healthlife's non-compliance is clear and convincing. (*See* R&R at 7–9.) In addition, the Court finds that Defendant's noncompliance appears willful based on its failure to adequately justify its lack of action with regard to the subpoena and this Court's orders. *See Concepts NREC, LLC v. Qiu*, 20-CV-133, 2024 WL 2137762, at *15 (D. Vt. Mar. 22, 2024) ("[Third party's] failure to comply with the [s]ubpoena appears willful based on its failure to adequately justify its noncompliance."), *report and recommendation adopted*, 2024 WL 2506407 (D. Vt. May 24, 2024). Accordingly, the Court holds that attorneys' fees are appropriate. *See Gucci Am., Inc.*, 2015 WL 7758872, at *4 (explaining that attorneys' fees may be awarded "where a

3

party or a non-party willfully fails to comply with a subpoena"); *see also Summit Bank v. Taylor*, No. 96-CV-7229, 1997 WL 811526, at *4 (S.D.N.Y. Nov. 12, 1997) (awarding plaintiff attorneys' fees and costs against non-party bank incurred as a result of bank's contempt). Plaintiff shall submit one or more declarations setting forth Plaintiff's reasonable fees and costs incurred in moving for contempt sanctions, attaching and authenticating counsel's time records and admissible documentation concerning out-of-pocket costs.

As for the requested monetary sanctions, "[w]hen the purpose of a sanction is coercive, courts have 'broad discretion to design a remedy that will bring about compliance[.]'" *Gucci Am., Inc.*, 2015 WL 7758872, at *3 (quoting *Perfect Fit Indus. Inc.*, 673 F.2d at 57). To determine whether a coercive sanction is proper, the Court considers "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Concepts NREC, LLC*, 2024 WL 2137762, at *15 (quoting *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987)).

As to the first factor, Plaintiff has sought Defendant's compliance since February 2024. (*See* Dkt. No. 1.) The Court has ordered Defendant to comply on several occasions to no avail. (*See* Dkt. Nos. 7, 13, 16, 22, 24.) Healthlife has repeatedly failed to appear before or communicate with the Court in any capacity. (*See generally* Dkt.) Thus, Defendant's conduct shows a brazen lack of respect for court orders and hinders Plaintiff's ability to litigate the underlying action. *See Concepts NREC, LLC*, 2024 WL 2137762, at *15 (concluding that the first factor weighed in favor of imposing coercive monetary sanctions against third party because

it did not comply with the court's orders and its refusal to do so impacted the progress of the underlying litigation). Regarding the second factor, the Court finds that given Defendant's clear and unequivocal disregard for judicial orders, only a monetary sanction is likely to have any effect in bringing Healthlife into compliance. *See Citigroup Inc. v. Sayeg*, No. 21-CV-10413, 2022 WL 596073, at *3 (S.D.N.Y. Feb. 28, 2022) (noting that the second factor weighed in favor of imposing a coercive sanction because defendant had thus far refused to appear before the court and comply with its orders, and the monetary sanction would incentivize defendant to comply with the court's orders). Finally, because Defendant has refused to participate in these legal proceedings, the extent of its financial resources is unclear. However, the Court has no reason to believe that imposition of monetary sanctions would represent any financial burden on the Defendant. *See id.* at *3 (noting that the third factor weighed in favor of a coercive sanction because the defendant had not demonstrated that imposition of monetary sanctions would represent any financial burden on him).

Based on these factors, the Court concludes that a fine of $100 per day to be paid to AMMEX, to be increased by increments of an additional $50 per day for every two weeks that Healthlife remains in non-compliance, is appropriate. As for Plaintiff's request to freeze the Amazon seller account identified with Healthlife, the Court declines to order as much at this stage. To the extent Defendant does not appear or comply with this Order within thirty days, the Plaintiff may renew the request to freeze Healthlife's Amazon seller account.

It is hereby ORDERED that the Report and Recommendation, dated May 29, 2024, is ADOPTED in its entirety. In addition, the Court grants Plaintiff's request for reasonable attorneys' fees and costs incurred in litigating Defendant's contempt. Accordingly, it is

FUTHER ORDERED THAT Plaintiffs shall submit one or more declarations setting forth Plaintiff's reasonable fees and costs incurred in moving for contempt sanctions, attaching and authenticating counsel's time records and admissible documentation concerning out-of-pocket costs.  Finally, it is ORDERED that Defendant must pay Plaintiff a fine of $100 per day to be increased by increments of an additional $50 per day for every two weeks that Healthlife remains in non-compliance.

SO ORDERED.

DATED:     June 24, 2024
           White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE